

**ENTERED**
**07/20/2012**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|                        |     |                          |
|------------------------|-----|--------------------------|
| IN RE                  | )   |                          |
|                        | )   |                          |
| AFTON JANE IZEN,       | )   | CASE NO. 12-31020-H3-13  |
|                        | )   |                          |
|    Debtor, | ) |                        |
|                        | )   |                          |

<u>MEMORANDUM OPINION</u>

     The court has held a hearing on the "Trustee's Motion to Dismiss or Convert to a Chapter 7" (Docket No. 59). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered dismissing the above captioned Chapter 13 case. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

     Afton Jane Izen ("Debtor") filed a voluntary petition petition in the instant Chapter 13 case, Debtor's third consecutive Chapter 13 case since August, 2011, on February 6, 2012. Debtor is an attorney licensed in Texas, and has appeared in several cases before this court, other than her own case,

primarily representing debtors in consumer bankruptcy cases. William E. Heitkamp ("Trustee") is the Chapter 13 Trustee.

Debtor's first Chapter 13 case, Case No. 11-36644-H3-13, was filed on August 1, 2011, and was dismissed under Section 521(i)(1) of the Bankruptcy Code on September 19, 2011. In Debtor's first case, Debtor filed with the petition a statement indicating that she had obtained a prepetition credit counseling briefing under Section 109(h) of the Code. (Docket No. 1, Case No. 11-36644-H3-13). Nonetheless, Debtor did not file a certificate indicating the completion of such a briefing. On August 22, 2011, 21 days after the date of filing of the petition in the first case, and seven days after date on which the documents were due, Debtor filed a motion seeking to retroactively and prospectively extend the time to file schedules, a statement of financial affairs, a Chapter 13 plan, a statement of current monthly income and disposable income, and payment advices, to August 23, 2011. Debtor asserted that she had been prevented from filing the documents because her computer was locked due to a virus. (Docket No. 12, Case No. 11-36644-H3-13). Debtor's motion to extend time was granted, but Debtor nonetheless failed to file the documents, and the case was dismissed, by order entered on September 19, 2011. (Docket No. 21, Case No. 11-36644-H3-13).

Debtor's second Chapter 13 case, Case No. 11-39225-H3-13, was filed on October 30, 2011.  In Debtor's second case, Debtor did not file a certificate indicating completion of a prepetition credit counseling briefing.  On November 14, 2011, the date on which documents were due in the second case, Debtor filed a motion to extend the time to file the documents until November 21, 2011, asserting a medical problem with Debtor's left hand that made her unable to type and to search through paperwork.  (Docket No. 10, Case No. 11-39225-H3-13).  Debtor's motion to extend time was granted, but Debtor nonetheless failed to file the documents, and the case was dismissed, by order entered on December 15, 2011.  (Docket No. 18, Case No. 11-39225-H3-13).

In the instant case, Debtor did not file a certificate indicating completion of a prepetition credit counseling briefing.  On February 20, 2012, the date on which all the documents were due, Debtor filed a motion to extend the time to file the documents until March 3, 2012, stating that her husband had been hospitalized.  (Docket No. 14).  Debtor's first motion to extend time was granted.  (Docket No. 15).

On March 4, 2012, Debtor filed schedules.  (Docket No. 21).  Debtor also filed a second motion to extend the time to file the documents not previously filed (the statement of financial affairs, statement of current monthly income and

3

disposable income, plan, and payment advices) to March 9, 2012. Debtor stated that her husband had passed away on February 22, 2012. (Docket No. 22). Debtor's second motion for extension of time was granted. (Docket No. 26).

On March 13, 2012, Debtor sought an additional extension of time, to March 15, 2012, again because of the death of her husband. (Docket No. 27). Debtor's third motion to extend time was granted. (Docket No. 37).

On March 16, 2012, Debtor filed a statement of financial affairs (Docket No. 32), payment advices (Docket No. 33), and a statement of current monthly income and disposable income (Docket No. 34). Debtor also filed a fourth motion to extend time to file a plan, to March 17, 2012, citing the death of her husband, and three out of town evidentiary hearings. (Docket No. 35).

On March 19, 2012, Debtor filed a fifth motion to extend time to file the plan, to March 21, 2012, asserting that she needed additional time to file a plan, because she did not know how the court wished her to treat the postpetition foreclosure of real property in which her office was located. (Docket No. 40).[1]

----

[1]As a result of the two previous cases dismissed within the year before the date of filing of the instant case, no stay went into effect.

4

On March 20, 2012, the court granted an extension of time until April 5, 2012, and ordered that there would be no further extensions.  (Docket No. 43).

On April 6, 2012, Debtor filed a plan.  The plan provided, inter alia, that Debtor would make payments of $800 per month to the Chapter 13 Trustee, commencing in March, 2012. (Docket No. 46).

Since the inception of the instant case, Debtor has made no plan payments.

On April 30, 2012, the Chapter 13 Trustee filed the instant motion to dismiss.  In the motion, the Trustee asserted that Debtor has failed to implement a wage deduction order or ACH authorization as required by BLR 1007-1(d); failed to provide for payment in full of the secured and priority claims in the plan; failed to make plan payments; failed to appear at the meeting of creditors; and failed to provide to Trustee copies of payment advices, the statement of current monthly income and disposable income, a certificate of credit counseling, and copies of tax returns; and failed to submit to an examination by Trustee's accountant.  (Docket No. 59).

The hearing on the instant motion was commenced on June 28, 2012.  On that date, the parties (Debtor, Trustee, Harris

County, and JP Morgan Chase Bank, N.A. ("Chase"))[2] announced an
agreement giving Debtor seven days to pay the first $800 plan
payment, and to amend the plan to provide for the claims of
Harris County and Chase.  The court announced that, if Debtor
failed to comply with the agreement, by failing to make the $800
payment or to amend the plan, the hearing on the instant motion
would resume no later than July 12, 2012.

   On July 6, 2012, one day after the date on which the
payment and plan amendment were due, Debtor moved to extend the
time to amend the plan to July 7, 2012, and to make payment to
July 11, 2012, citing the July 4, 2012 holiday.  (Docket No. 72).
Debtor's motion was denied (Docket No. 74), and the hearing on
the instant motion was scheduled to continue on July 12, 2012
(Docket No. 75).  Counsel for Harris County announced at the
continued hearing that the amendment to the plan does not fully
provide for the claim of Harris County.[3]

   On July 12, 2012, Debtor filed a first amended plan.
The amended plan provided, _inter_ _alia_, that Debtor would make
payments of $800 per month to the Chapter 13 Trustee, commencing

---

   [2]Harris County and JP Morgan Chase Bank, N.A. participated
in the hearing by virtue of their having filed objections to
confirmation of Debtor's plan.  Debtor's plan was nominally set
for confirmation concurrently with Trustee's motion to dismiss,
though Debtor has not gone forward with the confirmation hearing.

   [3]Debtor stated at the continued hearing on the instant
motion that she intends to object to Harris County's proof of
claim.

in March, 2012, and would make payments of $3,000 per month in December 2012, December, 2013, December, 2014, and December, 2015. (Docket No. 77).

At the hearing on the instant motion, Debtor testified that she believes the amended plan filed on July 12, 2012 addresses the four payments that have become due since the beginning of the case. She testified that she believes she has money coming in from settlement of an employment claim on behalf of one of her clients. She testified that the amount she believes she will receive is $6,000. She did not testify that she has any other source of income to make payments. She testified that she has sold assets to pay living expenses.

Debtor testified that she has not filed tax returns. She testified that she requested and received tax transcripts from the Internal Revenue Service, but has not yet prepared her tax returns.

<u>Conclusions of Law</u>

Section 1307(c) of the Bankruptcy Code provides in pertinent part:

(c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including –

(1) unreasonable delay by the debtor that is
prejudicial to creditors;

* * *

(4) failure to commence making timely payments
under section 1326 of this title;

11 U.S.C. § 1307(c).[4]

Section 1326 of the Bankruptcy Code provides that the
debtor shall commence making payments not later than 30 days
after the date of the filing of the plan or the order for relief,
whichever is earlier.  11 U.S.C. § 1326.

In the instant case, Debtor has failed to timely
commence payments under the plan.  Debtor has not demonstrated an
ability to make further plan payments.  The court concludes that
the failure to make payments in the instant case constitutes
cause for dismissal.

Debtor also has failed to file tax returns, and to
provide copies of tax returns to the Trustee.  Debtor's failure
to do so constitutes unreasonable delay that is prejudicial to
creditors, particularly in light of the fact that this is
Debtor's third Chapter 13 case filed since August, 2011.  The
court concludes that Debtor's failure to file tax returns, and to
provide copies of tax returns to the Trustee in the instant case,
constitutes cause for dismissal.  The court concludes that the
instant case should be dismissed.

---

[4]The exception at 1307(f) does not apply.

Based on the foregoing, the court will enter a separate Judgment dismissing the above captioned Chapter 13 case.

Signed at Houston, Texas on July 20, 2012.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE